## THE PEOPLE on the relation of ALTON a. THE REGISTER OF THE CITY AND COUNTY OF NEW YORK.

*Supreme Court, First District; Special Term, February,* 1858.

RECORDING OF DEEDS.—CERTIFICATE OF CLERK TO AUTHORITY OF MAGISTRATE WITHOUT THE STATE.

Under the act of 1856 (*Laws of* 1856, 84, *ch.* 61), providing that acknowledgments of deeds may be taken out of this State, before such persons as are authorized to take such acknowledgments by the law of the place where they reside,—and requiring that, in such case, a certificate that such person was so authorized, shall be annexed, under the name and seal of the clerk of the county, register, recorder, or prothonotary, or of the clerk of the county court, clerk of the district court, or clerk of the court of common pleas of the county in which such officer resides,—it is not the duty of a recording officer of this State to record a deed acknowledged out of this State before a person whose authority is certified to by the clerk of the *circuit* court of his county.

In such a case, it is not competent to resort to the laws of the other State to show that such clerk of the circuit court is, *ex officio*, clerk of the county; but the certificate must show on its face, and without extrinsic proof, all that is required by the statute.

Application for a mandamus.

The facts of the case sufficiently appear in the opinion.

The People *on rel.* Alton *a.* The Register of the City of New York.

Ingraham, J.—A motion is made for a mandamus, to the register, directing him to record a deed, which had been presented to him for that purpose. The objection on the part of the register is to the certificate attached to the acknowledgment, made before a notary public in Wisconsin, upon the ground that the clerk so certifying is not, according to any thing contained in the certificate, one of the officers designated by the act of 1856 (*Laws of* 1856, 84). By that act, the acknowledgment of the deed may be made before persons residing out of the State of New York who are authorized by law to take such acknowledgments where they reside, and it is there provided that a certificate shall be annexed that such officer was so authorized, under the name and official seal of. the clerk of the county, register, recorder, or prothonotary, or of the clerk of the county court, clerk of the district court, or clerk of the court of common pleas of the county in which such officer resides. To entitle it to be recorded, the certificate must be signed by one of the officers above named.

The certificate which is attached to the deed which the relator seeks to have recorded, purports to be signed by the clerk of the *circuit* court. There is no description either of the court or of the clerk as connected with any court, except in the clause at the beginning of the certificate, which says, "State of Wisconsin, Circuit Court, Milwaukie county;" and whether the Circuit Court is a court for the State, or a court for the county, is uncertain. All that can be inferred from these words is, that the person signing the certificate is the clerk of the Circuit Court, located in Milwaukie county. No such officer is named in the statute. He is neither clerk of the county, nor of the district or county court, or court of common pleas, but of another court, to whose certificate no validity is given by the act of 1856. It was proposed to go out of the certificate, and show, by the laws of Wisconsin, that the clerk of the circuit was, *ex officio*, clerk of the county. The certificate cannot be aided, by other testimony, to remedy the defect. The recording officer is not required to look, and I very much doubt whether he can look, at any thing but the certificate, for the authority of the person who gives it. It should show, on the face of it, the authority of the officer who signs it, and that protects the recording officer. In Thurman *v.* Cameron (24 *Wend.*, 87), it is said, that the certificate which

appears on its face to be in conformity with the statute, furnishes proof of its genuineness.    There is no need of extrinsic proof.

Accordingly, where the certificate describes the proper officer, acting in the proper place, it is taken as proof, both of his character and local jurisdiction (2 *Serg. & R.*, 457 ; Shute's Lessee *v.* Buchanan, 2 *Yeates*, 220 ; Rhoade's Lessee *v.* Selen, 4 *Wash. C. C.*, 718).    In cases in which a judge's certificate is required, it has been held, that the certificate should contain intrinsic evidence that the person certifying was such judge (Kirkland *v.* Smith, 2 *Mad. Law R.*, 497),—that defects, in this respect, cannot be supplied *aliunde* (*Id.*),—and that the judge possessed that character at the time of giving the certificate, which can only appear from the certificate (Stephenson *v.* Bannister, 3 *Bibb*, 370).

There can be no doubt that this certificate does not show the clerk who signed it to be one of the officers designated in the statute.    He is only clerk of the Circuit Court in Milwaukie county.    If he has any other power, it should be stated in the certificate.    The register is not required to examine the statutes of other States to find out whether the certificate is given by a person who is clerk.    He can only look at the certificate, and if that is given by a person who represents himself to be such officer, the register discharges his duty in recording it.

As this certificate does not comply with the provisions of the statute, the register was right in refusing to record it, and the application for a mandamus is denied.

As the question is a novel one, and it is the interest of both parties to have an opinion on the subject, no costs are given to either party.

Motion for mandamus denied.