FREDERICK A. BAKER, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Stenographer to the coroners of New York city — his salary is fixed by the Consolidation Act and not by the Greater New York chart: · — compensation for transcripts of testimony furnished by him to the district attorney.*

Section 1768 of the Consolidation Act (Laws of 1882, chap. 410, as amd. by Laws of 1889, chap. 443), which provides that the stenographer to the board of coroners of the city of New York shall receive "a salary of $2,500 per annum and six cents per folio for all transcripts made for the use of the district attorney's office by direction of said board," was not superseded by section 1571 of the Greater New York charter (Laws of 1897, chap. 378), which provides for the appointment of such a stenographer, but makes no provision for his salary.

Section 56 of the Greater New York charter, conferring on the municipal assembly power to fix the salaries of officers whose offices are created by it, does not apply to a stenographer appointed by the board of coroners.

Where it is conceded by the terms of a stipulation that the transcripts, furnished by such stenographer to the district attorney, of proceedings and testimony taken before a coroner's jury were made "pursuant to the statute, directing the transcription thereof," the stenographer is entitled to compensation therefor, although it does not appear that the transcripts were furnished in "homicide cases," which, it seems, are the only cases in which transcripts are required to be furnished to the district attorney.

APPEAL by the plaintiff, Frederick A. Baker, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 30th day of July, 1900, upon the decision of the court rendered after a trial at the New York Trial Term, a jury having been waived.

The action was brought by a stenographer employed by the city to recover for copies of transcripts of testimony furnished by him to the district attorney for which he claims to be entitled to compensation in addition to his regular salary. It was stipulated by the parties that the plaintiff was duly appointed by the board of coroners as a skilled stenographer for the purpose of taking accurate and full stenographic minutes of all proceedings and testimony taken before a jury in the Coroners' Court as might be directed by said board; that the plaintiff was and is still a stenographer to and duly appointed by the coroners pursuant to the statute in such case made and provided and engaged in the discharge of his duties as such and receives

an annual salary of $2,500; that from the 1st day of January, 1898, to the 1st day of July, 1899, the plaintiff took minutes and made transcripts "for the use of the District Attorney of the County of New York pursuant to the statute, directing the transcription thereof and at the request and direction of the Board of Coroners * * * amounting in the aggregate to 6,568 folios at the rate of six cents per folio which amounts to the sum of $394.08, no part of which sum has been paid," though demanded and a claim therefor filed with the comptroller. Upon this stipulation, the complaint was dismissed.

*Louis J. Vorhaus,* for the appellant.

*Terence Farley,* for the respondent.

O'BRIEN, J.:

By section 1768 of the Consolidation Act (Laws of 1882, chap. 410, as amd. by Laws of 1889, chap. 443), the board of coroners was given power to appoint a skilled stenographer to take minutes of proceedings and testimony taken before a jury and he was to "receive a salary of $2,500 per annum and six cents per folio for all transcripts made for the use of the District Attorney's office by direction of said board." And by section 1777 it was provided that the coroners should file with the clerk of the board of coroners in all cases an abstract of the testimony taken before the coroners, and the clerk should "keep the same on file until it is turned over to the board of health and a receipt taken therefor except in the case of a homicide, in which case he shall transmit the same without delay to the district attorney of the city and county of New York."

The respondent says "it will be observed * * * that it was only in the case of a homicide that the Clerk * * * was directed to transmit to the District Attorney an abstract of the testimony," so that only in such a case could the stenographer be entitled to six cents per folio for the transcript, and even if his right to compensation is controlled by section 1768 of the Consolidation Act, it does not appear that the transcripts furnished to the district attorney by the direction of the coroners were in "homicide cases." This contention is answered by the terms of the stipulation, conceding that the transcripts for the district attorney were made "pursuant to the statute directing the transcription thereof."

The defendant claims, however, that section 1768 of the Consolidation Act was superseded by section 1571 of the Greater New York charter (Laws of 1897, chap. 378), and, therefore, that the latter statute regulates the plaintiff's right to compensation. The first difficulty in the way of such an argument is that the charter makes no provision for compensation. It is provided by section 1571 of the charter, which defines the powers and duties of the coroners, that " they shall also appoint a stenographer in each borough, whose duty it shall be to take accurate and full stenographic minutes and transcribe the same of all proceedings and testimony taken before a jury in any coroner's court held by any one of said coroners." It will be noticed that nothing is said about the salary or compensation to be paid to the stenographer. Unless, therefore, the provision of the Consolidation Act regulating that subject is elsewhere repealed, it is controlling.

Sections 1608 and 1610 of the charter provide that the Consolidation Act is " hereby repealed so far as any provisions thereof are inconsistent with the provisions of this act or so far as the subject-matter thereof is revised or included in this act and no further." These, it will be seen, are not general repealing clauses, but only affect inconsistent provisions of the Consolidation Act, and it would follow as they are silent on the subject that they do not repeal the provision of that act relating to the salary and compensation of stenographers of the coroners. Nor do we think there is force in the further contention that the salary of such stenographers is now covered by section 56 of the charter which says, " The salaries of all officers whose offices may be created by the municipal assembly for the purpose of giving effect to the provisions of this act shall * * * be prescribed by ordinance or resolution. The municipal assembly shall have power upon the recommendation of the board of estimate and apportionment to fix the salary of any officer or person." Section 56 appears to be a re-enactment merely of section 97 of the Consolidation Act which gave the common council power to pass an ordinance fixing the salary of officers created by the council, and it does not relate to the compensation of stenographers of the coroners, which had been fixed by section 1768 of the Consolidation Act.

The provision of the charter that the coroners shall have stenog-

raphers is in no way inconsistent with the provisions of the Consolidation Act. The charter does not as fully describe the duties of such a person as does the Consolidation Act, nor does it regulate his salary. It was not the purpose evidently, of the framers of the charter to revise and collate all the provisions which were in existence at the time relating to the office and to the power and duties of coroners. The intention was to recognize in a general way the existence of such officers, leaving the regulation of their powers and duties to be governed by the earlier and more ample provisions on that subject in the Consolidation Act.

That this construction is the right one, we think follows from the fact not only of the absence of any provision in the charter as to the power of coroners to fix compensation, but, among other things, the failure to provide therein for the transmission of transcripts for the use of the district attorney. As the right of the district attorney to such transcripts and the compensation to be paid to the stenographer for furnishing them is to be found alone in the Consolidation Act, it would be an anomaly to conclude, in the absence of express language which would justify such a construction, that the clause of the Consolidation Act requiring the furnishing of transcripts should be saved and the clause with reference to the compensation repealed.

We would gladly have reached another conclusion, because we think the policy of paying a stenographer to the coroners a stated salary of $2,500 a year and permitting him, in addition, to receive compensation for work done in that position, is not a good one; but the remedy is with the Legislature and not with the courts whose duty it is to ascertain and enforce the law, and not to determine questions of policy.

We think that, under the stipulation made, the dismissal of the complaint was erroneous and that the judgment, accordingly, should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., INGRAHAM, MCLAUGHLIN and HATCH, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.