(109 App. Div. 427)

## HAMBURGER v. BOARD OF ESTIMATE AND APPORTIONMENT OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 24, 1905.)

1. MANDAMUS—SUBJECT—PROCEEDINGS OF PUBLIC BOARD.

Where petitioner alleged that Laws 1889, p. 610, c. 443, fixed petitioner's salary as stenographer at $2,500, and that he was entitled to mandamus to compel the board of estimate to fix his salary at that sum, but argued that the board had no power to fix said salary, as it had already been fixed by law, he did not show that he was entitled to a writ of mandamus.

2. MUNICIPAL CORPORATIONS—OFFICERS AND EMPLOYÉS—COMPENSATION.

Consolidation Act, § 1768, Laws 1889, p. 610, c. 443, fixing the salary of the stenographer to the board of coroners at $2,500, was changed by section 56 of the charter (Laws 1901, p. 32, c. 466) Rev. Charter 1901, and Acts 1902, pp. 1067, 1068, cc. 435, 436, giving the board of estimate and apportionment power to fix salaries of officers.

Appeal from Special Term, New Yory County.

Petition by Robert Hamburger for a writ of mandamus against the board of estimate and apportionment of New York City. From an order granting a peremptory writ, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and LAUGHLIN, JJ.

Henry K. Davis, for petitioner.
Charles A. O'Neil, for defendant.

CLARKE, J. Appeal from an order of the Special Term allowing a writ of peremptory mandamus requiring the board of estimate and apportionment of the city of New York forthwith to fix the salary of the petitioner as stenographer to the board of coroners, borough of the Bronx, in the sum of $2,500 per annum, and to provide the necessary appropriation for that purpose. The petitioner was appointed stenographer to the board of coroners of the Bronx on January 10, 1902, at a salary of $2,000 per annum, and has been receiving said salary ever since. He claims that section 1768 of the Consolidation Act, Laws 1889, p. 610, c. 443, fixed his salary at $2,500, and that therefore he does not come within any of the provisions of the charter, original or amended, which gives anybody or any board power to fix his salary at any other amount; and that, being fixed by law, he is entitled to a mandamus to compel the observance of the law by the board of estimate and apportionment. At the outset it should be pointed out that the peti-

tioner alleges that among the duties required of the board of estimate and apportionment is "the fixing of the salaries of the various municipal employés and officers, and, among others, are the stenographers attached to the board of coroners in the various boroughs in said city"; and the prayer is that a peremptory mandamus issue directing said board to fix the petitioner's salary at $2,500, as required by law. The case cited and the argument had upon this petition, however, are to the effect that the board had no power to fix the said salary, as it was already fixed by law. If that contention be sound, how can the court compel the board to perform an act for which there is no warrant in law? Mandamus proceeds upon the theory of a clear legal right. It is to correct the neglect or refusal of an officer or board to do that which by law it is bound to do. If the officer or board has discretion, the court will not control the exercise of that discretion. It may tell the officer to act, but it will not compel him to act in a particular way. If he has no power to act, the court will not compel him to do that which the law does not. So that if the petitioner's contention is sound, and his salary is fixed by law, the board has no control over it; it cannot fix it. He has mistaken his remedy, and mandamus will not lie.

Examining the question on its merits, in the case relied on (Baker v. City, 56 App. Div. 350, 67 N. Y. Supp. 814), the salary of Baker, the stenographer to the Manhattan coroners, had been fixed at $2,500, and there was no question about that. He sued for services rendered between January 1, 1898, and January 1, 1899, in furnishing transcripts to the District Attorney, and there was a stipulation which bound this court upon the facts. If the provisions of the charter then construed still remain the law, that case is controlling. Before the charter took effect, the consolidation act provided for four coroners in the city and county of New York. By section 1767, Laws 1882, p. 429, c. 410, each of the coroners was to receive a yearly salary of $5,000. By chapter 732, p. 893, of the Acts of 1896, section 1768 was amended so that they might appoint a clerk at $3,500 a year, two assistant clerks at $1,500 a year, and a skilled stenographer at a salary of $2,500 a year, and 6 cents per folio for all transcripts made for the use of the District Attorney's office by direction of said board; and said salary and folio rate shall be provided for and paid to the said stenographer "in the same manner as the clerk of said board of coroners is paid," which was "a county charge, and payable as other county salaries are paid." By the charter (Laws 1901, p. 645, c. 466, § 1570) it was provided that thereafter four coroners should be elected in the borough of Manhattan, two in the Bronx, two in Brooklyn, three in Queens, and two in Richmond. Section 1571 provided that the coroners in each borough shall appoint a clerk, who shall receive an annual salary to be fixed by the board of estimate and apportionment and the Municipal Assembly, and such and so many assistant clerks as shall be provided for in the annual estimate. They shall also appoint a stenographer in each borough, whose duty it shall be to take accurate and full stenographic minutes, and transcribe the same, of all proceedings and testimony taken before a jury in any coroner's court held by any of said coroners. The salaries or other compensation of such coroners shall be fixed by the board of estimate and apportionment and the Municipal Assembly. Here was a

provision for coroners and their subordinates in each of the five boroughs of the city. So far as the Manhattan coroners are concerned, their salaries and that of each of their subordinates had been theretofore fixed by statute law. The salary of all of them in express language was now left to be fixed by the board of estimate and apportionment and the Municipal Assembly, with the exception of the stenographers. This court held in the Baker Case that section 1768 of the consolidation act still governed, and that the stenographer to the Manhattan board was entitled to $2,500 and 6 cents a folio for transcripts. The provisions of the charter have been considerably changed since then.

Section 97 of the consolidation act reads:

"The salaries of all the officers, whose offices may be created by the common council for the purpose of giving effect to the provisions of this act, shall subject to the other provisions of this act, be prescribed by ordinance or resolution to be passed by the common council and approved as hereinbefore provided for the approval of ordinances or resolutions."

This court said in the Baker Case that section 56 of the charter appears to be a re-enactment of section 97 of the consolidation act. But it seems to be something more. The language was at the time of the facts under consideration in that case as follows:

"Sec. 56. The salaries of all officers whose offices may be created by the Municipal Assembly for the purpose of giving effect to the provisions of this act, shall, subject to the other provisions of this act be prescribed by ordinance or resolution. The Municipal Assembly shall have power upon the recommendation of the board of estimate and apportionment to fix the salary of any officer or person whose compensation is paid out of the city treasury, irrespective of the amount fixed by this act, except that no change shall be made in the salary of an elected officer or head of a department during the term for which he was elected or appointed."

That seems to be a broad grant of power. I am inclined to think that "any officer or person whose compensation is paid out of the city treasury" is limited only by the words "an elected officer or head of a department during his term." That the words "irrespective of the amount fixed by this act" are not words of limitation, but were inserted for abundant caution, as this section expressly changed the law as to salaries "fixed in the act" from the provisions of the consolidation act. There was a still further change in the Revised Charter of 1901:

"The salaries of all officers whose offices may be created by the board of aldermen for the purpose of giving effect to the provisions of this act, shall, subject to the other provisions of this act be prescribed by ordinance or resolution. It shall be the duty of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury other than day laborers, and teachers, examiners and members of the supervising staff of the department of education, irrespective of the amount fixed by this act, except that no change shall be made in the salary of an elected officer or head of a department during his term of office. Salaries need not be uniform throughout the several boroughs, etc. * * * All salaries as fixed on the first day of January, 1902, shall continue in force until fixed by the board of aldermen as in this section provided."

On April 8, 1902, by chapter 435, p. 1067, this section was amended by adding this clause:

"All salaries as fixed on the 1st day of January, 1902, shall continue in force until fixed by the board of aldermen as in this section provided, ex-

cept as may be otherwise determined by the board of estimate and apportionment prior to the first day of May in the year 1902 under the provisions of § 10 thereof."

And on the same day, by chapter 436, p. 1068, the Legislature amended section 10 by adding this clause:

"Between January 1st and May 1st in the year 1902, the board of estimate and apportionment shall have power from time to time to alter, modify and amend the budget for the year 1902, to change the titles, terms and conditions of appropriations contained therein; to add new appropriations, and abolish any that may be unnecessary; and also upon the recommendation of the mayor or any borough president or head of any department, bureau, office, board, or commission of the city of New York, or of any of the counties embraced therein, to fix the salaries in any of said offices, departments, bureaus, boards or commissions."

This seems to have been as broad a grant of power as human language could frame. On April 30, 1902, the board of estimate and apportionment, in accordance with the power conferred, upon the written recommendation of the coroners of the borough of the Bronx, under date of April 14, 1902, fixed the salary of their stenographer at $2,000, and he has been paid that amount ever since, and has received the same, so far as appears, without complaint up to the 1st day of March, 1905. I do not think that the petitioner was entitled to the relief granted, and the order must be reversed, with costs of the appeal, and the motion denied, with costs to appellant.

PATTERSON, INGRAHAM, and LAUGHLIN, JJ., concur.

O'BRIEN, P. J. I concur in the result for the reason that I think the further change made in the Revised Charter of 1901, and the amendment by chapter 435, p. 1067, of the Laws of 1902, operated to change the law as it stood when this court considered the question in Baker v. City, 56 App. Div. 350, 67 N. Y. Supp. 814. Under these amendments, I think that the Legislature has conferred upon the board of estimate and apportionment the power to fix the salary of stenographers upon the written recommendation of the coroners of the borough of the Bronx.