### EAGAN v. BOARD OF EDUCATION.

(Supreme Court, Special Term, Kings County. December, 1908.)

SCHOOLS AND SCHOOL DISTRICTS (§ 144*) — PUBLIC SCHOOLS — SALARY OF TEACHER.

　　Where a teacher in a public school has been employed for a term of years, she can recover any unpaid balance of salary, to be determined on the basis of the salary provided for in a schedule prepared by the board of education. A statutory provision that no teacher shall receive more than the sum scheduled to be paid for a seven-year service unless her services have been approved by the board of superintendents as "fit and meritorious" is void for indefiniteness.

　　[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 311; Dec. Dig. § 144.*]

Action by one Eagan against the Board of Education to recover balance of salary. Judgment for plaintiff.

See, also, 115 N. Y. Supp. 167.

Lavinia Lally, for plaintiff.

Francis K. Pendleton (Chas. McIntyre and Stephen O'Brien of counsel), for defendant.

MAREAN, J. I do not think the case is made out if it be necessary to show that plaintiff's service has been approved as fit and meritorious; but I have reached the conclusion that it is not necessary. The statute provides for a salary schedule to be made, and which has been made by the board of education. Under it the plaintiff, with a history of 28 years' service, is entitled to $1,240 per annum, but for the proviso that no teacher shall receive more than the sum scheduled to be paid for the seventh year's service, unless and until her services shall have been approved as "fit and meritorious" by a majority of the board of superintendents. This proviso, in my opinion, is void for lack of definite meaning attributable to the words "fit and meritorious."

It is for the court to construe and interpret the law; in other words, to say what "fit and meritorious" in the statute means. It is not for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the board of superintendents, nor the members thereof. If the court cannot see and declare in understandable terms what those vague and elusive words signify, then the superintendents may not presume to do so. The Legislature clearly intended to set up a standard of excellence by which the past service of every teacher should be measured. Given the standard, the superintendents were to examine the teacher's service and determine, more or less fallibly, of course, whether it measured up to the standard. Their duty was analogous to that of a jury, who, being given the general proposition of law by the court, determine whether the case in hand is brought within it by the evidence.

It cannot be denied that the "fit and meritorious" standard is too hazy and vague to be susceptible of definition. The more one reflects the more apparent this becomes. In how many out of a dozen subjects required to be taught, and to what degree, must teachers be lacking to be deemed not "fit and meritorious?" How far will absolute devotion redeem such lack? What effect will ability or inability to maintain discipline be allowed to have? These suggestions may be multiplied indefinitely. Having by inspection and investigation become aware of the character of the teacher's past service, it is plain that the superintendent cannot declare it "fit and meritorious," or the contrary, while he does not know what kind and degree of excellence the Legislature intended by "fit and meritorious."

The practical operation heretofore of the law has necessarily involved the giving or withholding of the increased salary without reference to any common standard of excellence whatsoever. Beside, the personality of the teacher and her personal attitude toward the superintendent inevitably creeps in as a factor in his notion of what is "fit and meritorious" in her case, and the last vestige of equal justice toward teachers disappears. The fruits of such a system cannot fail to be injustice on one hand and favoritism on the other; and the action of the superintendent is not susceptible of effective review. Twenty thousand teachers, mostly women, hold their very subsistence and that of those dependent upon them at the absolute mercy of this autocratic power of the superintendents. The situation is positively immoral, to say nothing of the shocking abandonment in the department of education of the advanced and enlightened positions maintained in all other branches of the civil service in the state and nation. If the proviso is, as I think, void for want of apprehendable meaning, it has no other effect in the statute than that which any mere gibberish would have, which a succession of asterisks filling its space would have, or which would be given to a vacant place on the page of the statute book. The case of Farmers' Bank v. Hale, 59 N. Y. 53, is not in point.

The conclusion I have reached involves no great misfortune. A teacher who is good enough to be retained, and retained in the same grade of service, may well enough be allowed in all cases to receive, with the others, the salary scheduled for her length of service. It is hardly necessary to make a main-strength construction of the statute to evade such a result. No unfit teacher should or need be retained at all; and no provision for discrimination for the purpose of compen-

sation, between teachers of the same length of service, working side by side, and performing the same duties precisely, can be so safeguarded that it will not run to abuses. In any event the plaintiff, who was receiving $1,200 a year at the time the law was enacted, was protected by it against any reduction. No reason has been suggested on the part of the defendant why she should not recover at least the unpaid balance of that salary.

Judgment for the plaintiff for the unpaid balance of $1,240 per annum, with costs and 5 per cent. allowance.