(66 Misc. Rep. 175.)

## HAMBURGER v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. February 11, 1910.)

1. CORONERS (§ 7*)—STATUTES RELATING TO COMPENSATION—IMPLIED REPEAL.

In view of New York City Charter (Laws 1897, c. 378) §§ 1608, 1610, in effect preserving the consolidation act (Laws 1882, c. 410) as to matters not revised nor included in said charter and not inconsistent therewith, section 1571 thereof, providing for the appointment of coroners' stenographers, but making no provision as to salary or compensation, did not supersede Consolidation Act, § 1768, providing that coroners' stenographers shall receive a salary and six cents per folio for transcripts made for the district attorney's office by direction of the board of estimate and apportionment.

[Ed. Note.—For other cases, see Coroners, Cent. Dig. § 8; Dec. Dig. § 7.*]

2. CORONERS (§ 7*)—SALARY—CORONERS' STENOGRAPHERS.

Consolidation Act (Laws 1882, c. 410) § 1768, provides that coroners' stenographers shall receive a certain salary and six cents, per folio for all transcripts made for the use of the district attorney's office by direction of the board of estimate and apportionment. Revised Charter 1901 (Laws 1901, c. 466) as amended by Laws 1902, cc. 435, 436, gives the board of estimate and apportionment power to fix the salary of all officers. Held, that the revised charter as amended related only to the fixing of "salary," and did not include the compensation provided by section 1768 for transcripts furnished the district attorney's office, and under that section compensation could not be recovered by a coroner's stenographer for a transcript furnished the district attorney's office, beyond the apportionment allowed by the board of estimate and apportionment.

[Ed. Note.—For other cases, see Coroners, Cent. Dig. § 8; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Robert Hamburger against the City of New York. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Francis K. Pendleton (Theodore Connoly and Thomas F. Noonan, of counsel), for appellant.

Henry K. Davis, for respondent.

DAYTON, J. Plaintiff, stenographer to the coroner's court, borough of the Bronx, sued to recover $151.60 for certain transcripts of testimony, at the rate of 10 cents per folio, furnished to the district attorney through orders received from various assistants of that office, which amount "was and is a charge due and payable by the defendant's comptroller out of public funds." The trial court gave judgment for the amount claimed. Defendant appeals.

The undisputed testimony shows plaintiff's salary $2,000, the furnishing of transcripts ordered as alleged, the reasonableness of the charge per folio, demand upon the city, and refusal of payment. He admits that he can make no extra charge for furnishing "an abstract of the testimony" (vide section 1777, Consolidation Act [Laws 1882, c. 410]), but urges that when, upon request of the district attorney, he furnishes a "transcript" of the minutes of testimony, he may require the city to compensate him therefor in addition to his salary. A "tran-

---

·script" doubtless involves more labor than an "abstract"; but we are furnished with no authority holding that the district attorney may bind the city to any expense not within or beyond the appropriation allowed by the board of estimate and apportionment for the conduct of his office.

No recovery here may be had unless upon section 1768 of the consolidation act, which provides that the coroners' stenographers shall receive a salary and six cents per folio for all transcripts made for the use of the district attorney's office by direction of said board. That provision was not superseded by the charter act (Laws 1897, c. 378, § 1571), because the provision there for the appointment of coroners' stenographers was silent as to salary and compensation. Baker v. New York, 56 App. Div. 350, 67 N. Y. Supp. 814. And by sections 1608, 1610, the consolidation act was preserved in effect as to the subject-matter of provisions not revised nor included in the charter act and not inconsistent therewith. Since the decision in Baker v. New York, supra, the matter of the salary of the coroners' stenographers has been the subject of legislation, one result of which is that the salary is fixed by the board of estimate and apportionment, and not by the consolidation act. Revised Charter 1901 (Laws 1901, c. 466), as amended by Laws 1902, cc. 435, 436; Hamburger v. Board of Estimate, 109 App. Div. 427, 96 N. Y. Supp. 130.

The amendatory provisions here involved relate only to the fixing of salary. The compensation for transcripts furnished the district attorney's office covered by section 1768 of the consolidation act is not the same thing as salary. Benedict v. United States, 176 U. S. 360, 20 Sup. Ct. 458, 44 L. Ed. 503.

Judgment reversed, and complaint dismissed, with costs in this court and in the court below.

GIEGERICH, J., concurs.  LEHMAN, J., concurs in the result.