(91 Misc. Rep. 323)

WATSON v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. July, 1915.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬤➾144—TEACHERS—INCREASE IN COMPENSATION—LEGISLATIVE POWER.

The Legislature may fix any condition, however unreasonable, as a condition precedent to any increase in pay of school teachers, unless some constitutional provision is violated.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 308–314; Dec. Dig. ⬤➾144.]

2. SCHOOLS AND SCHOOL DISTRICTS ⬤➾144—TEACHERS—COMPENSATION.

Until December 31, 1911, an assistant teacher in the New York City high school received the maximum salary of $1,900, under the schedule adopted by the board of education, taking effect May 3, 1900. By a schedule of salaries adopted May 24, 1911, and approved by Laws 1911, c. 902, this salary was increased to $2,050, the amount payable on the ninth year of service. January 1, 1912, such teacher commenced her twelfth year of service. The resolution of May 24, 1911, provided: "No one shall advance beyond the salary of the ninth year, unless, after investigation, * * * he is declared * * * to be a teacher of superior merit." *Held,* that where, in an action by such teacher to recover the difference between what she had been receiving and the salary schedule for the twelfth year, it appeared that her application for certificate of superior merit had been denied, she was not entitled to recover.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 308–314; Dec. Dig. ⬤➾144.]

Action by Mary H. Watson against the Board of Education of City of New York. Defendant moves for judgment on the pleadings. Motion granted.

Charles McIntyre, Asst. Corp. Counsel, of New York City, for the motion.

Thomas E. O'Brien, of New York City, opposed.

CRANE, J. On the 31st day of December, 1911, plaintiff was an assistant teacher in the high school, receiving a maximum salary, $1,900, for women teachers. This was under the schedule adopted by the board of education July 16, 1900, and taking effect May 3d of that year. By this schedule the eleventh year salary upon certain conditions was $1,900 for women and $2,400 for men. As stated, this was the maximum salary. On January 1, 1912, the plaintiff commenced her twelfth year of service. By a schedule of salaries adopted May 24, 1911, and approved by chapter 902 of the Laws of 1911,

and further adopted by amendment of the by-laws of the board of education on November 29, 1911, the plaintiff received an increase of salary, $2,050, the amount payable upon the ninth year of service under certain prescribed conditions. The plaintiff believes herself entitled to $2,500, the amount scheduled for the twelfth year of service, and she has brought this action to recover the difference between what she has been receiving, $2,050, and $2,500, which she claims she should have received since January 1, 1912. She has evidently been misled into this belief by the placing of the salary figure after the number of years' service, whereas the salary by the resolution of the board does not necessarily increase with the number of years' service, but is quite independent of it.

The increase in salary is dependent upon other conditions than the lapse of time, and these conditions are distinctly set forth in the pay schedule. Up to December 31, 1911, as above stated, the plaintiff received the maximum salary of $1,900 under the old or the 1900 schedule. After chapter 902 of the Laws of 1911 her salary could not be decreased, but by the schedule adopted under that law it was increased to $2,050. This is the amount payable on the ninth year of service. The plaintiff was commencing her twelfth year of service, but the $2,050 was not paid to her because of 9 years or 12 years of service; it was all that could be paid until she had complied with the further conditions prescribed. Her salary of $1,900 could not be decreased, but it could only be increased beyond $2,050 upon her meeting certain conditions. What were these conditions? The resolution of May 24, 1911, further provided:

"No one shall advance beyond the salary of the ninth year unless, after investigation and inspection, he is declared, on the report of a committee consisting of an associate city superintendent, a district superintendent and a principal, by a majority vote of all the members of the board of examiners (the district superintendent and principal having a right to vote), to be a teacher of *superior merit.*"

The plaintiff has failed to obtain the certificate of superior merit, although she has applied therefor. A teacher might serve in a high school for any number of years, and yet not be entitled to be increased beyond the $2,050, because of failure to obtain this certificate of superior merit. The fact that plaintiff was approved as fit and meritorious under the old salary schedule, entitling her thereby to a maximum of $1,900, can have no application whatever to the schedules and conditions increasing her salary beyond that amount. Approval for increase required by the old schedule was by a different body and to a different effect than the approval required by the new schedules on and after May 24, 1911. Quite clearly it is stated that the plaintiff cannot receive more than $2,050 until she has complied with the condition above quoted.

The plaintiff's attorney apparently recognizes this fact, for he has alleged in the complaint that the certificate of superior merit has been refused through fraud, and, further, that the court should award it to her in spite of the refusal by the required body of examiners. (1) There is no sufficient allegation of fraud and no fact whatever set forth other than refusal. Even if fraud were alleged,

this court could not grant the certificate for the following reasons: (2) How can the court determine plaintiff's superior merit as a teacher? Such qualification depends upon many elements, some of which can be felt but not described. Personality, mannerisms, magnetism, and likable, persuasive character all go to make a teacher of high rank, and can be determined, not by testimony or affidavits, but only from personal contact and observation, as well as observing the effect upon classes. Garfield, if I remember correctly, stated that an education was obtained by sitting on one end of a log with Mark Hopkins (President of Williams College) sitting on the other. This illustrates what I mean by the force of personality only to be realized through personal contact.

Plaintiff's counsel has cited numerous cases where the courts have passed by the conditions in contracts requiring architects' and engineers' certificates on the ground that the refusal of them was unreasonable. The law at least tries to be practical, and in all these instances it was fairly possible for the court to determine that the work called for had been substantially performed. It would be an impossibility, for the reason above stated, for the court to determine the superior merit of a teacher. Again, the engineers' and architects' certificates are matters of contract between parties and are conditions subsequent. The certificate of superior merit is a condition precedent, not for past, but for future, work, and is fixed as such by the act of the Legislature.

[1, 2] The Legislature may, I take it, fix any condition, no matter how unreasonable, as a condition precedent upon which an increase in pay is dependent, unless, of course, some provision of the constitution is violated. Chapter 902 of the Laws of 1911, enacted not only the schedule of May 24, 1911, but also the condition stated therein, including the one above quoted. As to the second cause of action, the plaintiff claims a salary of $2,400 because this is the pay that some assistant men teachers in the high school are receiving under the schedule adopted after the passage of chapter 902 of the laws of 1911. This law was evidently enacted after much public agitation to provide equal pay for men and women in like positions. It did three things: First. No salary of a present teacher was to be reduced. Second. The schedules adopted by the board of education on May 17 and May 24, 1911, were enacted into law. Third. It was provided that "in the schedules of salaries hereafter adopted there shall be no discrimination based on the sex of the member."

A difficulty arose. The schedules of May 17th and May 24th reduced certain salaries, and, of course, were applicable to new teachers, but so as not to reduce the present teachers the board on November 29, 1911, readopted the old schedule of 1900, making it applicable only to those teachers whose salaries would be reduced if paid under the schedules established pursuant to chapter 902 of the Laws of 1911. This resolution also again adopted schedules of May 17 and May 24, 1911. Why the board of education deemed it necessary to adopt the salary list of 1900 in order to preserve salaries of old teachers at their present rate is very difficult for me to understand. The law itself did this, and no resolution of the board could

reduce them. For the purpose of preventing a reduction this resolution of the board was entirely unnecessary.

It is intimated in the defendant's brief that the old schedule was adopted, not only to preserve present salaries from reduction, but also to insure an increase in men's salaries as time went on. If, after January 1, 1912, the salary of men teachers be increased under the old schedule of 1900 to a higher pay than that received by women for the same position and under like conditions, terms of service, etc., I doubt very much whether it would be legal, but believe it to be in violation of the Equal Pay Law. But this conclusion of mine does not bear directly upon this case, as the plaintiff nowhere alleges that any male teacher receiving $2,050 or less on December 31, 1911, has been advanced in pay beyond her without obtaining a certificate of superior merit. All she alleges is that men teachers after January 1, 1912, have received $2,400, without having obtained such a certificate, which no doubt is perfectly true and legal. They could receive this maximum sum under the schedule of 1900, and if such was their pay December 31, 1911, by the Equal Pay Law, it could not thereafter be reduced.

After careful analysis of the pleadings I can see no ground upon which the plaintiff is entitled to recover, and must grant the motion of the defendant for judgment on the pleadings.

Motion granted.