## McKENNA v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Trial Term, Kings County. March 16, 1916.)

1. SCHOOLS AND SCHOOL DISTRICTS ⊕⟹144(4)—FEMALE TEACHER—ADDITIONAL TEACHER—RIGHT TO ANNUAL INCREASE.

   Where plaintiff, a female teacher, who had completed 11 years of service and had been awarded her due increase as provided for by the Revised City Charter, was at her own request taken from class work and assigned to a position referred to in the by-laws of the board of education as an "additional teacher," which position she held for some 8 years, during which time her duties were those of a principal's clerk, such as making up pay rolls and reports and being called upon to teach only in the absence of both a regular class teacher and a substitute teacher, she was not entitled to the annual increment of $40, under the statutory proviso to section 1091 of the charter (Laws 1901, c. 466), making such increment dependent upon the inspection and approval of the board of superintendents of the service of a teacher as fit and meritorious, since such section, as amended in 1900 by the Davis Law, applies only to members of the regular teaching staff, from which category plaintiff voluntarily eliminated herself.

   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 311, 312; Dec. Dig. ⊕⟹144(4).]

2. SCHOOLS AND SCHOOL DISTRICTS ⊕⟹144(4)—FEMALE TEACHERS—ANNUAL INCREASE—INSPECTION AND APPROVAL.

   Assuming that plaintiff might as such additional teacher be eligible to such increment she could not recover, where it appeared that her services had not been inspected and approved as fit and meritorious by the board of superintendents, as the section requires.

   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 311, 312; Dec. Dig. ⊕⟹144(4).]

3. STATUTES ⊕⟹47—CHARTER PROVISION—CERTAINTY.

   Such provision of section 1091, requiring the approval of the board of superintendents, is not void for lack of definite sense or standard, in using the words "fit and meritorious," since the constitutional principle of merit and fitness, as the basis of appointment and promotion in the public service, not being self-executing, the Legislature has power to remit the establishment of standards to appropriate administrative agencies.

   [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 47; Dec. Dig. ⊕⟹47.]

Action by Josephine G. McKenna against the Board of Education of the City of New York. Case submitted on agreed state of facts. Complaint dismissed.

John J. Curtin, of New York City, for plaintiff.
Charles McIntyre, of New York City, for defendant.

---

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KELBY, J.   This controversy arises out of the statutory proviso to section 1091 of the Revised City Charter, and the by-laws of the board of education, whereby the annual increment of $40 to the salary of female teachers after the twelfth year of service is made to depend upon the inspection and approval by the board of superintendents of the service of the particular teacher as "fit and meritorious."   Plaintiff, who had substantially completed 11 years of service in November, 1901, and been awarded the due increase, was then, at her own request, repeated during the succeeding years up to November, 1909, taken from class work and assigned or appointed to a position which is referred to in the by-laws of the board of education as that of "additional teacher."   During these years the service of plaintiff was not inspected or approved by the board of superintendents, nor did she receive the annual increase of salary, and she now sues for such, as arrears due, though it is not disputed that as to the time prior to March, 1906, the claim is barred by the statute of limitations.

[1] The decisive question as to plaintiff's rights to inspection, approval, and increase is whether plaintiff, while acting as additional teacher during these years, was a member of the teaching staff of the public schools.   Concededly she was such before her appointment as additional teacher, and concededly she became such after November, 1909, when she went back to regular class teaching work.   The title "additional teacher" is less accurate than "principal's clerk" would be, regard being paid to the incumbent's regular duties of attending to the business details of the school, such as making up pay rolls and reports, being called upon to teach only in the absence both of a regular class teacher and a substitute teacher.

Section 1091 of the Revised City Charter applies by enumeration to those entirely engaged in teaching work; that is, to kindergartners, men and women teachers of classes, men and women first assistants and vice principals, and men and women heads of departments and assistants to principals.   It is not to be doubted that, as amended in 1900 into its present form, by what was popularly known as the Davis Law, its paramount, if not its expressed, concern was with the salaries of the regular teaching force.   So it has been held that neither in language nor spirit does the statute demand the application of its provisions to other than those of the regular teaching staff, and that teachers of special subjects, such as teachers of German, are not within it.   Matter of Hulshof, N. Y. L. J. May 26, 1908, affirmed 130 App. Div. 903, 115 N. Y. Supp. 1139; Ohmstede v. Board of Education, N. Y. L. J. Oct. 24, 1908.

There is even less reason to warrant a construction whereby it will be made to apply to principals' clerks whose duties are clerical by routine, and pedagogical only by emergency.   I am not overlooking that in this case it so happened that the clerk had theretofore been a regular class teacher.   Any other person "holding a substitute or a higher license, but not eligible for appointment as a regular teacher," was eligible under the by-laws, and might just as well have been appointed, and would not have carried into the place, as plaintiff did, the

maximum salary that a teacher of 11 years' service could have for regular class work. Having at her own request given up such teaching work, and asked and received an appointment to work which, it must be presumed, she then regarded as preferable, plaintiff ceased to be a member of the teaching staff, and took herself out of the category of those entitled by the statute to have their *teaching* services periodically inspected and approved as fit and meritorious for the prescribed annual increment. As to the by-law of the board, passed to effectuate the statute, it cannot be taken as broader than the statute, which it assumed to define, and if the staute did not include a principal's clerk, a fortiori the by-law did not.

[2] If, however, she is to be regarded as a member of the teaching staff, then an insuperable difficulty to success in this action is apparent; for her service has not been inspected and approved as fit and meritorious by the board of superintendents, and she thus does not show compliance with the prescribed statutory conditions. Her proper remedy would appear to be by way of mandamus to compel the board of superintendents to act.

[3] It is suggested that the provision requiring the approval of the board of superintendents is void for lack of definite sense, or standard, attributable to the words "fit and meritorious." The idea advanced in Eagan v. Board of Education, 115 N. Y. Supp. 165, that these "vague and elusive" words were entitled to "no other effect in the statute than that which any mere gibberish would have," must be rejected. In Watson v. Board of Education, 91 Misc. Rep. 323, 155 N. Y. Supp. 125, this court upheld the requirement of a certificate of a board of examiners of "superior merit," words which might be said to be more elusive still. The decisions in People ex rel. Berry v. Cook, 155 App. Div. 901, 140 N. Y. Supp. 1138, and Richards v. Board of Education, 144 App. Div. 932, 129 N. Y. Supp. 1143; Id., 145 App. Div. 920, 130 N. Y. Supp. 1127; are in substance to the same effect, though no written opinions were delivered.

Upon reason the constitutional principle of merit and fitness, as the basis of appointment and promotion in the public service, not being entirely self-executing, there unquestionably must be power in the Legislature to remit the establishment of standards to the appropriate administrative agencies, in direct and experienced touch with the needs and practicalities of particular situations. This legislative power has been upheld, even to the extent of authorizing the acceptance of the bare "recommendation" of a superior, truly "as broad a grant of power as human language could frame." See Matter of Hamburger, 109 App. Div. 427, 96 N. Y. Supp. 130; also Matter of Keymer, 148 N. Y. 219, 42 N. E. 667, 35 L. R. A. 447; People ex rel. Sweet v. Lyman, 157 N. Y. 368, 52 N. E. 132; Buckbee v. Board, 115 App. Div. 366, 100 N. Y. Supp. 943.

I am of opinion, therefore, that the complaint must be dismissed upon the merits, with costs.