THE PEOPLE OF THE STATE OF NEW YORK ex rel. TITLE GUARANTEE AND TRUST COMPANY, Petitioner, *v.* JAMES A. McQUADE, Register of the County of Kings, Defendant.

Supreme Court, Kings County, June, 1922.

Acknowledgment — authentication certificate — amendment to § 312, Real Property Law, by chap. 202, Laws of 1922, not applicable to acknowledgments taken before officers of other states — mandamus.

The amendment to section 312 of the Real Property Law (Laws of 1922, chap. 202), relating to a certificate of authentication of an acknowledgment taken outside of the state, does not apply to the authentication of an acknowledgment taken before officers of other states, acting under section 299(5) of the Real Property Law.

Where, therefore, the register of Kings county refuses to record a deed to real property in that county, the execution of which was acknowledged before a master in chancery in the state of New Jersey, with a certificate of authentication by the clerk of Passaic county attached, because said certificate did not show either a comparison of seal impression or that by the laws of New Jersey no seal impression was required to be deposited with the authenticating officer, a motion for a peremptory mandamus directing said register to record the deed will be granted.

MOTION for peremptory mandamus to compel the register to record a deed.

*Edward M. Perry* (*Lynn C. Norris*, of counsel), for petitioner.

*A. I. Nova*, for defendant.

FAWCETT, J. The motion presents the question of the sufficiency of a certificate of authentication of an acknowledgment taken out of this state, under the provisions of section 312 of the Real Property Law, as amended by chapter 202 of the Laws of 1922, which with the amendment in italics, reads as follows:

"  *   *   *  such certificate of authentication must specify that, at the time of taking the acknowledgment or proof, the *person* taking it was duly authorized to take the same; that the authenticating officer is acquainted with the former's handwriting, or has compared the signature to the original certificate with that deposited in his office by such *person;* and that he verily believes the signature to the original certificate is genuine; and if the original certificate is required to be under seal, he must also certify that he has compared the impression of the seal affixed thereto with the impression of the seal of the *person* who took the acknowledgment or proof deposited in his office, and that he verily believes the impression of the seal upon the original certificate is genuine, *or, in case such impression of such seal is not required by law to be filed in his office, he must certify to that effect.*"

50

**786** People ex rel. Title Guarantee & Trust Co. *v.* McQuade.

Supreme Court, June, 1922. [Vol. 118

The register has refused record of a deed to property in this county, which was acknowledged before a master in chancery in New Jersey, with a certificate of authentication by the clerk of Passaic county. The question is whether the words "required by law" in the amendment have reference to the laws of the state of the acknowledgment so that the certificate of authentication ought to have shown either a comparison of seal impression, or that by the laws of New Jersey no seal impression was required to be deposited with the authenticating officer.

In problems of statutory interpretation Coke's method has become classical. As stated in Endlich on Interpretation, section 27, it was to consider: 1, what was the old law; 2, what was the mischief for which it had not provided; 3, what remedy the legislature has appointed; 4, the reason of the remedy.

The old law (so far as relevant now) provides that acknowledgments of instruments for record in this state might be taken in other states, before a New York commissioner, appointed by the governor of this state (Real Prop. Law, § 299, subd. 4), or a state officer of the state in which the acknowledgment was taken, authorized by the laws thereof to take the acknowledgment of deeds to be recorded therein. § 299, subd. 5. The requisites of the acknowledgments were stated (§§ 303, 309) as also of the certificate of acknowledgment. §§ 306, 309. There was a difference where the acknowledgment was before a New York commissioner, and where before a state officer (for brevity so terming them). When the acknowledgment was before a New York commissioner his seal was required (§ 308) but when before a state officer his signature only. §§ 306, 309. The requisites of authentication were prescribed (§ 311), the secretary of state of New York being the authentication officer, as to acknowledgments before New York commissioners; and finally the contents of the certificate of authentication were stated. § 312. What mischief, or defect, was there in this old law? It was said in the argument that difficulty was experienced in having the authenticating officers of other states include in their certificates a statement as to comparison of seal impressions. The language of section 312, before the amendment, as to comparison of seal impressions had no application to acknowledgments before state officers, but did have full application to acknowledgments before a New York commissioner. As has been noticed, a seal to the acknowledgment was only required to an acknowledgment before a New York commissioner, with the impression comparison by our secretary of state, with whom the impression of the seal was deposited. Executive Law, § 107. How, then, could the asserted difficulty validly arise? Certainly

on the papers now presented there is no proof of any example of that difficulty, nor that there was any current official practice based upon the notion that all certificates of authentication from out of the state must refer to a seal of the acknowledgment officer. On the contrary, what does appear is that the recording officers of all the counties of Greater New York, and of the adjacent counties, uniformly accepted and recorded instruments acknowledged before state officers with certificates of authentication containing no reference to a seal to the acknowledgment. If the amendment was inspired by some supposition that where the law of the state of the acknowledgment called for a seal to certificates of acknowledgments to be recorded therein (as no doubt many states still require) that then the seal had to be affixed to all acknowledgments, even for other states, the answer to that supposition is that the formalities of the transfer of title to land are as prescribed in the law of the place where such land is situate.  *United States* v. *Crosby*, 7 Cranch, 115. The state officer was adopted by our law as our own state officer, subject only to our requirements and to the form and evidence of function. *St. John* v. *Croel*, 5 Hill, 573, 574. Our law (§§ 306, 309) not requiring a seal, any opposite requirement in the law of the other state was adscititious and compliance, however essential in other states, was matter of surplusage for this state. On the hypothesis of a purpose to remedy the mischief of deficiency in the old law suggested, that mischief being non-existent, the amendment " is simply proof of a legislative error in regard to the law." *People* v. *Wilmerding*, 136 N. Y. 363, 374. No other mischief, or defect, or difficulty, in the old law is suggested, or is apparent. Now as to the consideration of the remedy appointed: To enforce the amendment in accordance with the argued application requires not merely the acceptance of the express amendment to section 312, but also further amendments by implication to section 299, paragraph 5, sections 306 and 309. Amendments by implication are not favored in statutory construction and here the disfavor is intensified by the presence in this very statute (a generally corrective one) of whatever express amendments (in addition to the amendment particularly considered) which were thought necessary to the general scheme of the recording law. This was an express measure of the intent of the legislature to amend, precluding the inference of an intent for other amendments by implication. The final and the paramount of Coke's criteria is the reason for the remedy. It would seem from what has been said that there is very little reason in it, and a few general considerations will emphasize its actual unreason. If the amendment is to be construed as contended,

**788** People ex rel. Title Guarantee & Trust Co. *v.* McQuade.

Supreme Court, June, 1922.                    [Vol. 118

then our legislature for the first time, in its recording legislation, has made the record of an instrument affecting property in this state dependent upon a formal requirement in the law of other states and that to be shown only by the certificate of an administrative officer of that state as to the effect of that law, and even more extremely, of its negative effect. And this certificate, right or wrong, must be accepted by our recording officers, since they are given no power to determine the correctness of its conclusion (See *People ex rel. Alton* v. *Register*, 6 Abb. Pr. 180, 182), assuming what is at least doubtful, that recording officers ordinarily possess the qualifications to such a task. All this is in radical departure both from common-law principles (See Wig. Ev. 2089) and from the logic of the requirements in the Civil Practice Act (§ 391) as to proof in judicial proceedings on the statutes of other states.

The question is whether there has been added to our mechanism of title record, which should be as simple as may be, a technical requirement, without apparent reason in public policy or necessity, difficult of enforcement, already provocative of confusion and uncertainty, and promising a heavy heritage of clouded titles. The only answer appears to be that if the legislature had so intended, it would have spoken by clear and unequivocal language, and not left the change in our policy and practice to be known only through judicial construction. See *Ashley Co.* v. *Fire Department of Rochester*, 73 Misc. Rep. 636, 641.

This amendment is not applicable to an acknowledgment before a state officer acting under section 299, paragraph 5, for the reasons stated before. Has it any application to the other case, of an acknowledgment before a New York commissioner ? Such an application would accord with the presumption that whenever in statutes a general reference is made to law, it relates to the law of the government making the reference. *Houston* v. *Moore*, 5 Wheat. 1, 42; *Matter of Bruni*, 1 Barb. 187, 209; *Ross* v. *Wigg*, 34 Hun, 192; *Turtle* v. *Turtle*, 31 App. Div. 49. But the only impression of a New York commissioner's seal which is required to be deposited is that with our secretary of state, who authenticates by a certificate of comparison, and thus the alternative of the statute has no application in that case.

There is power in the courts to declare a penal statute void for want of apprehendible application (*People* v. *Briggs*, 193 N. Y. 457), and this amendment is subject to the penal feature or incident of all our recording statutes, declared in section 1862 of the Penal Law. Even entirely civil statutes have been regarded as void for uncertainty. *Eagan* v. *Board of Education*, 115 N. Y. Supp. 165, 166. Perhaps it is not now necessary to go so far It is.

enough for the present motion to hold that the amendment does not apply to the authentication of an acknowledgment before officers of other states, acting under section 299, paragraph 5, leaving the amendment hanging suspended for whatever other use or application, if any, which may hereafter be found for it.

Motion is granted.

Ordered accordingly.